UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**EDGAR R. ROBERTSON** and
**E.R., JR.,**
  *a minor,*

    **Plaintiffs,**

     v.                                        Case No. 24-CV-1618-SCD

**DOUGLAS A. COLLINS,**
  *Secretary of Veterans Affairs,*

    **Defendant.**

---

### DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

---

Edgar Robertson alleges that United States Department of Veterans Affairs mishandled his treatment records and military personnel file. After the VA denied his administrative claim, Robertson sued the head of the VA in federal court. The secretary has moved to dismiss Robertson's federal complaint with prejudice, arguing that the complaint fails to state a claim upon which relief can be granted, that Robertson's claims are procedurally barred, and that Robertson failed to properly serve the VA. I agree that the complaint fails to state a plausible claim for relief. However, because the secretary has not demonstrated that Robertson's claims are procedurally barred, and because the complaint's defects are potentially curable, I will give Robertson a chance to file an amended complaint.

### BACKGROUND

In November 2023, Robertson filed what appeared to be a standard social security appeal under 42 U.S.C. § 405(g). *See* ECF No. 1 in *Robertson v. Comm'r*, No. 23-cv-01459-SCD (E.D. Wis. Nov. 1, 2023). However, he later filed an amended complaint adding as defendants

the secretary of Veterans Affairs and the acting director of the Office of Personnel Management. *See* ECF No. 30 in *Robertson v. Comm'r*, No. 23-cv-01459-SCD (E.D. Wis. Aug. 15, 2024). Robertson alleged in the amended complaint that the secretary, as head of the VA, violated his constitutional rights under the Fifth and Fourteenth Amendments and his statutory rights under the Health Insurance Portability and Accountability Act by failing to make sure VA employees protected Robertson's personnel and patient records. *See id.* at 2–4. I dismissed that complaint without prejudice because Robertson failed to satisfy federal pleading standards, failed to exhaust administrative remedies with respect to his claim against OPM, and failed to properly serve the secretary and the acting director. *See Robertson v. King*, No. 23-CV-1459-SCD, 2025 WL 506640, 2025 U.S. Dist. LEXIS 26927, at *8–13 (E.D. Wis. Feb. 14, 2025).

While that action was still pending, Robertson filed a second case against the VA secretary. *See* Compl., ECF No. 1.[1] Like the previous complaint, Robertson alleges in this action that VA employees failed to maintain chain of custody of his patient treatment records and military personnel file. *See id.* at 2. Robertson's latest complaint does expand slightly on those allegations. According to Robertson, the failure to properly secure his records led to documents being altered, severe emotional and physical harm, and poor medical treatment at both the VA hospital and elsewhere. For example, Robertson says that, while being treated for a medical emergency involving a private body part, pictures of the surgery were placed in his patient file. *See id.* at 3. Robertson also alleges that his teeth were damaged while receiving treatment at a VA facility. Finally, Robertson alleges that he was harassed when receiving

---

[1] The caption of the complaint lists E.R. Jr. (presumably Robertson's son) as a second plaintiff. However, the complaint does not contain any allegations concerning E.R., and Robertson cannot represent his minor son in federal court. *See Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) (explaining that a non-lawyer parent generally cannot represent his minor child *pro se*). Accordingly, the court dismisses E.R. as a party to this action.

2

treatment outside the VA and that VA staff failed to give the outside providers complete medical records. *See id.* at 4. Robertson believes that the VA's actions were designed "to develop a record to deny veterans benefit by understating the severity of [his] disability." *Id.* at 5.

The second action was also assigned to me, and all parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 2 & 4. On April 11, 2025, the secretary moved to dismiss the complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Def.'s Mot., ECF No. 12; Def.'s Mem., ECF No. 13. Robertson, who is proceeding without a lawyer, filed a brief in opposition to the motion on April 24, 2025. *See* Pl.'s Resp., ECF No. 15. The secretary has not submitted a reply brief, and the time to do so has passed. *See* E.D. Wis. Civ. L. R. 7(c) (requiring a reply brief to be filed within fourteen days from service of the response brief).

## MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a motion to dismiss, "a complaint must 'contain sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint satisfies this pleading standard when its "'factual allegations . . . raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To analyze the sufficiency of a complaint [courts] must construe it in the light most favorable to the plaintiff, accept well-pleaded facts as true, and

draw all inferences in the plaintiff's favor." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).

## DISCUSSION

Although unclear, Robertson appears to allege that the secretary violated his constitutional rights under the Due Process Clause and his statutory rights under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671–2680. *See* Compl. 6–7. "The Due Process Clause . . . guarantees that 'no person shall . . . be deprived of life, liberty, or property, without due process of law." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48 (1993)). "The Federal Tort Claims Act 'waive[s] the sovereign immunity of the United States for certain torts committed by federal employees.'" *Talignani v. United States*, 26 F.4th 379, 381 (7th Cir. 2022) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). Specifically, the Act "allows a plaintiff to sue the United States to address harm caused by the negligent or wrongful act or omission of a federal employee while acting within the scope of his office or employment." *Evans v. United States*, 132 F.4th 473, 476 (7th Cir. 2025) (citing 28 U.S.C. § 2675(a)).

The secretary first argues that Robertson's complaint fails to satisfy the pleading requirements of *Twombly* and *Iqbal*. "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Twombly*, the Supreme Court explained that, while Rule 8 does not require "detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint is also insufficient if it tenders only "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. Although *Twombly* was an antitrust case, the Court later ruled in *Iqbal* that these pleading standards apply to all federal civil actions. *Iqbal*, 556 U.S. at

4

678, 684 (finding that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

The Seventh Circuit has "interpreted *Twombly* and *Iqbal* to require the plaintiff to provide some specific facts to support the legal claims asserted in the complaint." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (cleaned up) (citation omitted). "The degree of specificity required is not easily quantified, but 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *Id.* (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). "A more complex case . . . will require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." *Swanson*, 614 F.3d at 405.

Robertson's latest complaint falls short of these well-established pleading standards. He generally alleges that VA employees mishandled his treatment records and military personnel file. However, he provides no specific facts as to when the alleged mishandling occurred, what records were involved, or how he was harmed by the alleged failure to secure his records. Robertson says that certain records were altered, but that allegation creates more questions than answers: When were the records altered? Who altered them? How? And why does that matter? Robertson also says that the alleged mishandling of records led to poor medical treatment, and he provides several examples. But the complaint does not provide any facts linking the allegedly deficient treatment to the alleged failure to secure his records. Thus, the complaint fails to state a plausible claim for relief against the secretary.

The secretary also argues that Robertson's complaint is barred by the doctrine of claim preclusion. "Claim preclusion, or res judicata, generally bars the relitigation of claims that were brought, or could have been brought, in an earlier suit that has reached final judgment."

*Valbruna Slater Steel Corp. v. Joslyn Mfg. Co.*, 934 F.3d 553, 560 (7th Cir. 2019). The defense applies only "when three requirements are met: '(1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits.'" *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (quoting *Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 121 F.3d 1027, 1034 (7th Cir. 1997)).

The secretary has not demonstrated that all three requirements are present in this case. According to the secretary, the complaint here arises out of the same facts and involves the same causes of action as the complaint in Robertson's prior case (No. 23-cv-01459). I agree. It is also undisputed that both cases involve the same parties: Robertson (and E.R. Jr.) versus the VA secretary. However, the secretary does not develop its argument that the 2023 case resulted in a final judgment on the merits. *See* Def.'s Br. 7–8. I dismissed that case without prejudice for failure to state a claim upon which relief may be granted, failure to exhaust administrative remedies, and failure to properly effectuate service; indeed, I explicitly said that "Robertson may still be able to exhaust his administrative remedies and state a claim." *Robertson*, 2025 U.S. Dist. LEXIS 26927, at *13. Because the secretary's claim preclusion argument is undeveloped concerning the third requirement, and because it is unclear, given the disposition of Robertson's earlier suit, whether that element has been satisfied, I decline to find that the dismissal of the 2023 case bars this action.[2]

Finally, the secretary argues that Robertson failed to properly serve the complaint on the VA. "Rule 12(b)(5) permits a district court to dismiss an action for insufficient service of

---

[2] The secretary does not argue in this case that Robertson failed to exhaust his administrative remedies with respect to the VA. Indeed, Robertson included with his complaint a copy of his administrative claim, *see* Compl. 6, and the secretary admits that the VA received that claim back in December 2023, *see* Hosman-Davis Decl., ¶ 10, ECF No. 13-1. Robertson also submitted with his response brief a copy of the VA's denial letter. *See* Robertson Decl., Ex. A, ECF No. 16-1 at 13–17.

6

process. Once service is challenged, the plaintiff bears the burden of establishing that service was valid." *Braun v. Kenosha County*, No. 23-CV-422, 2023 WL 3604812, 2023 U.S. Dist. LEXIS 89607, at *4 (E.D. Wis. May 23, 2023) (citing *Koss Corp. v. Pilot Air Freight Corp.*, 242 F.R.D. 514, 516 (E.D. Wis. 2007).

Robertson has failed to satisfy his burden of establishing that he properly served the VA. He asserts that he personally attempted to serve the complaint on the VA, but he got the runaround from both the clerk's office and the sheriff's department. *See* Pl.'s Resp. 24–26. He also asserts that he left a copy of the summons and complaint with the Attorney General's office and mailed a copy to the secretary at his office in D.C.; however, the mailing was returned unsigned *See id.* at 26–28. It is well-established that a party may not effectuate service himself. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."); *see also Dumas v. Decker*, 556 F. App'x 514, 515 (7th Cir. 2014) (citing *Constien v. United States*, 628 F.3d 1207, 1217 (10th Cir. 2010)). Thus, Robertson's efforts were plainly insufficient.

## CONCLUSION

In sum, Robertson's complaint against the VA secretary fails to state a claim upon which relief can be granted. His allegations that VA employees mishandled records is certainly possible but, on this record, does not cross the threshold to a plausible claim for relief. Accordingly, for all the foregoing reasons, the court **GRANTS** the defendant's motion to dismiss plaintiffs' complaint for failure to state a claim, ECF No. 12.

I will, however, allow Robertson to file an amended complaint, as the defects here—the failure to plead sufficient facts and properly effectuate service—are potentially curable. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("[T]he court should grant leave to

amend after dismissal of the first complaint 'unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted.'") (quoting *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)); *see also* Fed. R. Civ. P. 4(i) (requiring courts to allow a party a reasonable time to cure its failure to properly serve the United States). Robertson may have until **July 18, 2025** to file an amended complaint. If Robertson files an amended complaint, it will replace the prior complaint, and it must be complete without reference to that pleading. *See Reid v. Payne*, 841 F. App'x 1001, 1002–03 (7th Cir. 2021) (citing *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004)). I also note that "[t]he only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) (citing *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006); *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir. 1981)).

    **SO ORDERED** this 27th day of June, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge